UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62857

SIDOLES MARC,

    Plaintiff,

vs.

PHONENIX MANAGEMENT SERVICES, INC.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Sidoles March, sues Defendant, Phoenix Management Services, Inc., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Heriberto Puig Ortega**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was a non-exempt employee of Defendant.

3.     Plaintiff consents to join in this lawsuit.

4.     **Defendant, Phoenix Management Services, Inc.,** is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Broward County.

5.     Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

1

6. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### *Background Facts*

8. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9. Defendant has been at all times material engaged in interstate commerce in the course of their provision of condominium management and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

10. Defendant engages in interstate commerce in the course of its design and maintenance of websites, provision of "online services", submission of billings and receipt of payment involving out-of-state payors, as well as its regular and recurrent transmission of telephonic and digital signals outside of the State of Florida.

11. Defendant further regularly and recurrently conducts ecommerce through its website, https://phoneixfla.com, which it registered through Tucows, Inc., a foreign corporation.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

12. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13. Plaintiff worked for Defendant from October 2017 through and including October 11, 2019.

14. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant.

15. Plaintiff worked for Defendant a maintenance worker who performed pressure cleaning, pressure washing, picking up garbage, and general maintenance at and around buildings located in Broward County, Florida.

16. During this time, Plaintiff regularly and routinely pressure washers, cellular telephones, fuel, oil, brooms, and other goods and supplies that moved through interstate commerce.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendant's exclusive custody.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

20. Plaintiff and Defendant that Plaintiff would receive an hourly rate of $12.00/hour, which Defendant later raised to $12.50/hour.

21. Defendant utilized a 15-day pay period to pay Plaintiff the wages that he earned.

22. Plaintiff routinely worked in excess of 40 hours per week without receipt of overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked beyond 40 in a workweek.

23. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate of pay per hour for all hours worked over 40 hours in a given workweek.

24. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

25. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay him overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Sidoles Marc, demands the entry of a judgment in his favor and against Defendant, Phoneix Management Services, Inc., after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C.

    § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

**COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF THE FLSA**

Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

27. Plaintiff had an exemplary employment history with Defendant.

28. Plaintiff then objected and/or complained to Defendant about its failure to pay him overtime pay calculated at one and one-half times his regular rate of pay for all of the hours that he was working beyond 40 hours in a workweek.

29. Plaintiff last objected and/or complained to Defendant on September 26, 2019.

30. Within the ensuing week, Defendant retaliated against Plaintiff by terminated his employment as a result of his objection(s)/complaint(s) about not being paid overtime wages for

5

all of the overtime that he worked.

31. Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

32. Defendant violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because he objected/complained about not receiving overtime pay for all of the overtime hours that he worked.

33. Plaintiff suffered the loss of his job, his income, his identity, and suffered emotionally losses as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Heriberto Puig Ortega, demands the entry of a judgment in his favor and against Defendant, Phoneix Management Services, Inc., after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

    c. That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

    d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    e. That Plaintiff recover all interest allowed by law; and

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

f.   Such other and further relief as the Court deems just and proper.

**COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT**

Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

34.   Plaintiff had an exemplary employment history with Defendant.

35.   Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, and so Plaintiff was an employee of Defendant at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

36.   Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

37.   Plaintiff complained to Defendant about his reasonable and good faith belief that it was violating his FLSA rights by failing to pay him all of the overtime wages that he earned.

38.   The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

39.   Defendant disregarded the law and retaliated against Plaintiff shortly after they he objected/complained about his not receiving overtime pay for all of the overtime hours he worked, including by terminating Plaintiff's employment.

40.   By initiating adverse employment actions against Plaintiff as aforesaid, Defendant violated the Florida Whistleblower Act.

41.     Plaintiff was damaged and suffered a loss of his benefits, seniority rights, wages, and other remuneration as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Sidoles Marc, demands the entry of a judgment against Defendant, Phoneix Management Services, Inc., after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.


Dated this 18th day of November 2019.

>                            Respectfully Submitted,
>
>                            s/Brian H. Pollock, Esq.
>                            Brian H. Pollock, Esq. (174742)
>                            brian@fairlawattorney.com
>                            FAIRLAW FIRM
>                            7300 N. Kendall Drive
>                            Suite 450
>                            Miami, FL 33156
>                            Tel:    305.230.4884
>                            *Counsel for Plaintiff*